IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HARCO NATIONAL INSURANCE )
COMPANY, )
 )
       Plaintiff, )
 )
vs. )   2:06cv1256
 )   Electronic Filing
E. H. TRANSPORT, INC., EJUB GRCIC, )
KENNETH E. KERR, SR. and CATHY L. )
KERR as co-administrators of the estates of )
KENNETH E. KERR, JR., JANET A. KERR, )
KATHLEEN A. KERR, KENNETH E. KERR, )
III and ALESSANDRA SHAUNA HALL, )
 )
       Defendants. )

## MEMORANDUM OPINION

    Plaintiff commenced this diversity action seeking a declaratory judgment defining its rights and obligations under a Truckers Insurance Policy issued to defendant E. H. Transport, Inc., and insuring Ejub Grcic, a driver for E. H. Transport. Specifically, plaintiff seeks a determination of the policy limits under the policy in connection with a wrongful death action filed by Kenneth E. Kerr, Sr. and Cathy L. Kerr, as co-administrators of the estates of Kenneth E. Kerr, Jr., Janet A. Kerr, Kathleen A. Kerr, Kenneth E. Kerr, III, and Alessandra Shauna Hall. Kenneth E. Kerr, Sr. and Cathy L. Kerr commenced an action in the Court of Common Pleas of Butler County, Pennsylvania, on June 10, 2005, at Civil Action Case No. 05-10645, based on an accident that occurred on July 7, 2003. Plaintiff seeks a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that its policy has a liability limit of $1,000,000.00, which plaintiff has offered to settle the underlying Butler action. The Kerrs have refused the offer, and contend the policy limits are $2,000,000.00 because a tractor and a trailer were involved in the accident. Plaintiff contends that a proper construction of the policy by this court is necessary to resolve the controversy.

    After considering the various factors governing the exercise of this Court's discretionary

jurisdiction under the Declaratory Judgment Act as reflected in State Auto Ins. Co. v. Summy, 234 F.3d 131 (3d Cir. 2000), Allstate Insurance Co. v. Seelye, 198 F. Supp.2d 629 (W.D. Pa. 2002) and Atlantic Mutual Insurance Co. v. Gula, 84 Fed. Appx. 173 (3d Cir. 2003), this Court must respectfully decline plaintiff's invitation to entertain this action. As judge Weis observed in Summy, the applicable Third Circuit and Supreme Court "precedents counsel hesitation by federal courts in exercising jurisdiction over declaratory judgment actions when the state law involved is close or unsettled." Summy, 234 F.3d at 135. And where the state law is firmly established, there is even less reason for resort to the federal courts. Id. at 136. Furthermore, where no federal interests are promoted by entertaining the declaratory judgment action and there is a state court decision in existence that directly involves the coverage dispute, entertainment of the federal declaratory judgment suit boarders on the "vexatious" and "gratuitous interference" descriptions used by the Supreme Court in Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942), and presents circumstances that readily support a decision to decline jurisdiction sua sponte, particularly where the state court decision was rendered in a forum that is available and able to resolve the parties' disagreement.

Moreover, as Judge Sloviter reiterated in Gula, where a declaratory judgment action is premised on the potential availability of insurance coverage, "[t]he central question is whether the controversy may better be settled in the state court." Gula, 84 Fed. Appx. at 174 (quoting United States v. Pennsylvania Dep't of Envirtl. Res., 923 F.2d 1071, 1075 (3d Cir. 1991)). Relevant considerations include a general policy of restraint when the same issues have been raised in state court and avoidance of duplicative litigation. Gula, 84 Fed. Appx. at 174-175 (quoting Summy, 234 F.3d at 134). In addition, "the state's interest in determining issues of state law also weighs against exercising jurisdiction in [such] declaratory judgment actions." Id. (citations omitted).

Here, the same factual issues that will inform a proper construction of the terms and conditions of coverage under the policy are in the process of being litigated in the underlying

action in the Court of Common Pleas of Butler County. That court will be intimately familiar with the issues as they evolve during the course of the litigation. Revisiting those issues in this court will amount to piecemeal and duplicative litigation, a factor strongly weighing against the exercise of jurisdiction by this court. See Summy, 234 F.3d at 135 ("A federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation."). Furthermore, causing the insured to establish and in effect re-litigate the perimeters and underpinnings of the underlying litigation would subject the insured to an unnecessary burden and diminish the likelihood of an accurate assessment of the governing facts.

It is also readily apparent that the coverage issues raised by plaintiff's complaint do not present any matter of federal concern and will be governed by well-settled state law. As the Summy court observed, a strong factor militating against the exercise of jurisdiction is created where no federal interest will be promoted by the litigation. Summy, 234 F.3d at 136. In addition, where an action will be governed exclusively by state law that is well-established, there is even less reason for a federal district court to exercise jurisdiction over the controversy. When such circumstances are presented the district courts should rarely accept the invitation to exercise their discretionary jurisdiction under the Declaratory Judgment Act. Summy, 234 F.3d at 136; Seelye, 198 F. Supp.2d at 631. The lack of any federal interest at stake in the instant litigation and the presentation of issues governed by an area of well-developed state law present factors that weigh heavily against entertaining this action.

In short, declining to entertain jurisdiction in the instant matter will promote judicial economy and avoid the potential for piecemeal and/or duplicative litigation. The Court of Common Pleas of Butler County is in a much better position to evaluate the strengths and accuracy of any evidence generated from a proceeding that is pending on its docket. It also is in a much better position to apply settled principles of coverage law to an insurance policy that potentially provides coverage for liability from a case that will be litigated on its docket. Finally,

the instant litigation has no apparent potential to present any matter that would diminish this court's discretionary power to decline to exercise its declaratory judgment authority, such as issues involving "federal statutory interpretation, the government's choice of federal form, an issue of sovereign immunity, or inadequacy of the state proceeding." Summy, 234 F.3d at 134. Consequently, "the central question is whether the controversy may better be settled in a state court," Gula, 84 F. Appx. at 174, and as noted above, a mere reading of plaintiff's complaint demonstrates an unequivocal answer to that inquiry. Accordingly, this court will decline to exercise its discretionary authority to hear this action. An appropriate order will follow.

Date: **4-25-07**

David Stewart Cercone
United States District Judge

cc:  Warren L. Siegfried, Esquire
Wayman, Irvin & McAuley
1624 Frick Building
Pittsburgh, PA 15219

Alexander H. Lindsay, Jr., Esquire
Joseph V. Charlton, Esquire
The Lindsay Law Firm, P.C.
128 South Main Street
Butler, PA 16001